UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *EX REL.* DEBORAH RADKE, as relator under the False Claims Act,<br><br>            Plaintiff,<br><br>v.<br><br>SINHA CLINIC CORP., BABER AND ASSOCIATES, LLC, SHOBA SINHA, M.D., and SABRINA YOUNG, PH.D., PSY.D.,<br><br>            Defendants. | Case No. 12 cv 6238<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

In this *qui tam* action, relator Deborah Radke ("Relator") alleges that Shoba Sinha and Sabrina Young conspired to engage in a fraudulent scheme through the Sinha Clinic and Baber and Associates that included unlawful referrals, duplicative and unnecessary billing, billing for tests and services performed by unsupervised students, and miscoding of procedures, among other things in violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A)-(C), the Stark Law, 42 U.S.C. § 1395nn, and the Insurance Claims Fraud Prevention Act, 740 ILCS § 92/15(a). Defendant Baber and Associates, LLC, ("Baber") filed a motion to dismiss [28] for failure to state a claim. Defendants Shoba Sinha and the Sinha Clinic (collectively "Sinha") also move to dismiss the complaint for failure to state a claim [31], which defendant Sabrina Young joins [46]. For the reasons stated herein the Baber motion and Sinha motions are granted. The motion with respect to Sabrina Young is granted in part and denied in part.

**Background**

The following facts are derived from the Complaint for purposes of the motions now before the Court. Relator Deborah Radke worked as an Office Manager for Baber from August 2001 until

February 2010 when she became the Office Manager for the Sinha Clinic. As office manager Relator has personal familiarity with the billing practices at both Baber and the Sinha Clinic. Dr. Sinha and Dr. Young signed all the Electronic Data Interchange Agreement Forms for Medicare, certifying that the services were performed as billed and that the claims submitted are accurate, complete, and truthful.

Relator alleges seven categories of fraudulent schemes in her five Count Complaint. First, she alleges that Dr. Sinha, an owner of both Baber and the Sinha Clinic, was involved in a self-referral scheme. (*See* Compl. Dkt. 2 at ¶¶ 49-56). Dr. Sinha allegedly violated the Stark law regularly by referring patients to the Sinha Clinic that she saw or treated at Baber. Second, the Complaint alleges an improper billing scheme for duplicative and unnecessary procedures in which both Dr. Sinha and Dr. Young performed multiple evaluations of the same patients (billed under CPT code 90801) when such evaluations should have been performed only once for each patient. (*Id.* at ¶¶ 57-67). Further, the Complaint incorporates exhibits indicating that Dr. Sinha and Dr. Young billed patients in close succession and handwritten notes on the same evaluation forms. (*Id. I* ¶¶ 64, 65). Third, the Complaint alleges that the defendant physicians improperly billed for services that were not provided at all, specifically neurofeedback services, also called biofeedback services, coded under 90901 to 90911 by creating false records and submitting false claims. (*Id.* at ¶¶ 68-111). Fourth, the Relator claims that the defendant physicians intentionally and improperly billed for psychological testing that they did not actually perform. (*Id.* at ¶¶ 112-120). Specifically, the Complaint alleges that Dr. Young instructed the Clinic staff that they should bill for the maximum number of units of testing covered by Medicare, regardless of the number of testing units actually provided. (*Id.* at ¶ 118). Fifth, the Complaint alleges that defendant physicians improperly billed for tests and services performed by unsupervised student interns. Specifically, the Relator contends that in response to the Relator's concern that students were performing procedures at the Clinic without supervision from

either Dr. Young or Dr. Sinha, Dr. Young emailed her stating that the students are supervised by her even in her absence. (*Id.* at ¶¶ 121-139). Sixth, Relator claims that defendant physicians improperly billed for services that were not performed by a doctor or licensed professional. She alleges that the Sinha Clinic had a standard practice that staff members rendered clinical psychological services to patients even though they do not have the qualifications or training to do so, and billed for such services under Dr. Young's NPI number. (*Id.* at ¶¶ 140-156). The Complaint contains specific instances, including when Dr. Young was scheduled to perform a "brain map", but she was out sick that day and an unlicensed staff member performed the procedure. (*Id.* at ¶ 150). The seventh category of fraudulent scheme alleges that defendant physicians improperly billed for test interpretations that were not performed by Dr. Young under Dr. Young's NPI number. (*Id.* at ¶¶ 157-160).

The Complaint contains five Counts. Count I, as to all defendants for violations of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A), for intentionally and knowingly, or acting with deliberate ignorance or with reckless disregard for the truth, presented or caused to be presented, false or fraudulent claims for payment or approval in connection with submission of medical claims and requests for reimbursement under the Medicare program. (*Id.* at ¶ 163). Count II, as to all defendants for violations of the False Claims Act, 31 U.S.C. § 3729(a)(1)(B), for intentionally and knowingly, or acting in deliberate ignorance or in reckless disregard for the truth, made, used and caused to be made and used, false records and statements material to false or fraudulent claims in connection with the submission of false claims for reimbursement under the Medicare Program to get claims paid. (*Id.* at ¶ 168). Count III, as to all defendants for violations of the False Claims Act, 31 U.S.C. § 3729(a)(1)(C), alleging that Dr. Sinha and Dr. Young conspired with each other to submit false and fraudulent claims and create false records, indicating that a defendant physician had rendered "psychotherapy services" when such "psychotherapy services" had not actually been

rendered, engaged in self-referral and duplicative evaluations, and agreed to illegally bill for services performed by unsupervised interns and unlicensed office staff. (*Id.* at ¶ 173). Count IV, as to all defendants, for violations of the Insurance Claims Fraud Prevention Act, alleging that defendants intentionally and knowingly caused to be presented, false and fraudulent claims for payment or approval to the United States, including claims for reimbursement for services rendered to patients Dr. Sinha unlawfully referred to the Sinha Clinic in violation of the Stark law. (*Id.* at ¶ 181). Count V, as to all defendants, alleges violations of the Insurance Claims Fraud Prevention Act, for repeatedly, knowingly, and intentionally subjecting Illinois patients to worthless evaluations, submitting billing under improper CPT codes, and billing under defendants' NPI numbers for services performed by unsupervised interns and unlicensed staff. (*Id.* at ¶ 187). Defendants move to dismiss all counts.

**Legal Standard**

When reviewing a defendant's Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in the non-movant's favor. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Detailed factual allegations are not required, but the plaintiff must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the complaint's factual content allows the Court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Id.*

FCA claims are subject to the heightened pleading requirements of Rule 9(b). *United States ex rel. Gross v. Aids Research Alliance-Chi.*, 415 F.3d 601, 604 (7th Cir. 2005). Rule 9(b) requires the "who, what, when, where, and how: the first paragraph of any newspaper story," of the "circumstances constituting fraud." *Goldberg v. Rush Univ. Med. Ctr.*, 929 F. Supp. 2d 807, 815 (N.D. Ill. 2013) (quoting *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990)).

**Discussion**

Defendants, Sinha Clinic and Shoba Sinha, M.D., filed a motion to dismiss the Complaint in its entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 9(b). Defendant Sabrina Young joined in that motion. Defendant Baber and Associates, LLC, also moves to dismiss for failure to state a claim.[1]

*1. Counts IV and V: Illinois Insurance Claims Fraud Prevention Act ("ICFPA")*

Defendants move to dismiss Counts IV and V of the Complaint because Relator did not submit the ICFPA counts to the State's Attorney or the Illinois Attorney General as required under the Act. 740 ILCS 92/15(a), (b). Pursuant to the ICFPA, the State of Illinois must be given an opportunity to prosecute or intervene in the cause of action. Relator concedes that these claims were not submitted to the State for review. Relator refers only to Count V, which directly refers to the ICFPA by statutory provision. Yet, she alleges Count IV is brought under the Insurance Claims Fraud Prevention Act without directly citing the relevant statutory provision. Accordingly, this Court dismisses both Count IV and Count V without prejudice.

2. *Counts I-III: False Claims Act*

All defendants dispute the specificity with which Relator alleges her claims under the False Claims Act "FCA". As noted above, claims under the False Claims Act are subject to the heightened pleading standard of Rule 9(b). *See United States ex rel. Gross v. AIDS Research Alliance-Chicago,* 415 F.3d 601, 604 (7th Cir. 2005). Relator alleges violations of three sections of the False Claims Act. Count I alleges violations of section 3729(a)(1)(A), which provides liability for anyone who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1)(A). Count II alleges violations of section 3729(a)(1)(B), which provides liability for anyone who "knowingly makes, uses, or causes to be made or used, a false record or statement

---

[1] Baber states that it is incorrectly sued as Baber and Associates, LLC, and should be named Riaz Baber, M.D., S.C.

material to a false or fraudulent claim." *Id.* at § 3729(a)(1)(B). Count III alleges violations of section 3729(a)(1)(C), which provides liability for anyone who conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G)" of the Act. *Id.* at § 3729(a)(1)(C).

Defendants argue that Relators false claims are deficient in many respects, including the failure to allege knowledge with specificity. Under Rule 9(b) however knowledge may be pleaded generally at the Complaint stage since the defendants' state of mind is unknown to the plaintiff. *See* Fed. R. Civ. P. 9(b). After carefully reviewing the Complaint, the Court finds Counts I-III insufficiently pleaded in other ways. Although the seven categories of fraudulent activity alleged in the Complaint appear at first reading specific, upon further inspection there is little detail attributing the conduct to each defendant. In other words, the Complaint lacks the specificity with respect to who did what when as mandated by Rule 9(b).

The Complaint alleges that defendants violated the FCA and the Stark law, which prohibits referrals by a physician to an entity for designated health services with which the physician has financial relationship. *See* 42 U.S.C. § 1395nn. The Complaint alleges that Dr. Sinha referred patients from the Sinha Clinic to Baber and that she has a financial interest in both. Yet, there is nothing in the Complaint implicating the Clinic, Baber or Young in the scheme.

The second category of scheme, regarding duplicative evaluations under CPT Code 90801 is the only scheme that has sufficient factual information implicating both Young and Sinha, but not as to the other defendants. The other schemes are devoid of differentiation in the conduct of defendants Baber, Sinha, and the Sinha Clinic, instead referring to defendants collectively as "the defendants" or the "defendant physicians" without providing representative examples of the conduct of each. As to Dr. Young, however, the Complaint sufficiently alleges her involvement in various schemes, excluding the self-referral scheme, and the billing for neurofeedback services. *See* Compl. Dkt. 2 at ¶¶ 60, 64, 65, 118, 139, 143, 150, 157. "'[T]he complaint should inform each

defendant of the nature of his alleged participation in the fraud.'" *United States ex rel. Walner v. Northshore University Healthsystem,* 660 F. Supp. 2d 891, 897 (N.D. Ill. 2009) (quoting *Vicom, Inc. v. Harbridge Merchant Servs.,* 20 F.3d 771, 778 (7th Cir. 1994)); see also *Sears v. Likens,* 912 F.2d 889, 893 (7th Cir. 1990); *Suburban Buick, Inc. v. Gargo*, No. 08 C 0370, 2009 U.S. Dist. LEXIS 46124, 2009 WL 1543709 at *4 (N.D. Ill. May 29, 2009). There are other deficiencies with respect to the claims against Baber and Sinha, including, but not limited to, the interchangeable use of neurofeedback and biofeedback. Representative examples of fraudulent conduct must be pled with the requisite level of specificity "*at an individualized transaction level.*" *United States ex rel. Dolan v. Long Grove Manor, Inc.,* No. 10 C 368, 2014 U.S. Dist. LEXIS 98429, at *11 (N.D. Ill. July 18, 2014) (quoting *United States ex rel. Fowler v. Caremark R.X. L.L.C.,* 496 F.3d 730, 740-41 (7th Cir. 2007) (emphasis in original). Further, the specific allegations of deceit must be linked to specific claims for payment. *Dolan,* 2014 U.S. Dist. LEXIS 98429, at *12. Accordingly, Counts I, II, and III, are dismissed without prejudice as to defendants Baber and Sinha. Count III is dismissed without prejudice as to defendant Young since there are no allegations supporting conspiracy to commit the other alleged violations.

**Conclusion**

Based on the foregoing, this Court grants defendants Baber and Sinha's motions to dismiss [28, 31] but grants in part and denies in part the motion as to defendant Young [46]. Dismissal is without prejudice. Relator has twenty-eight (28) days from entry of this Order to amend the Complaint. Status hearing set for August 10, 2015, at 9:00 a.m. is stricken and reset to September 11, 2015, at 9:00 a.m.

IT IS SO ORDERED.

Date: <u>August 5, 2015</u>

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge